# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SCOTT J. DEVILLIER,         *
                                  *
    Plaintiff,              *
                                  *
vs.                             *     CIVIL ACTION NO. 17-00287-B
                                  *
NANCY BERRYHILL,          *
Acting Commissioner of Social *
Security,                   *
                                  *
    Defendant.             *

## ORDER

Plaintiff Scott J. Devillier (hereinafter "Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and 1381, *et seq*. On April 11, 2018, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 21). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **AFFIRMED**.

I.   **Procedural History**[1]

Plaintiff filed his applications for benefits in August 2013, alleging disability beginning January 27, 2012, based on "broken neck, surgical cage, protruding disc in back, PTSD, depression, suicidal thoughts, emotional withdrawal from family and friends, trouble socializing, anger problems, and rotator cuff." (Doc. 11 at 268, 321). Plaintiff's application was denied and upon timely request, he was granted an administrative hearing before Administrative Law Judge Jeff Hughes (hereinafter "ALJ") on July 24, 2015. (Id. at 112). Plaintiff attended the hearing, waived his right to counsel, and provided testimony related to his claims. (Id. at 117). A vocational expert ("VE") also appeared at the hearing and provided testimony. (Id. at 157). On February 29, 2016, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Id. at 93). The Appeals Council denied Plaintiff's request for review on June 2, 2017. (Id. at 6). Therefore, the ALJ's decision dated February 29, 2016, became the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). Oral argument was conducted on May 16, 2018. (Doc. 24). This case is now ripe for judicial review and is properly before this Court pursuant to 42

---

[1] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF.

U.S.C. §§ 405(g) and 1383(c)(3).

**II. <u>Issue on Appeal</u>**

**Whether the ALJ reversibly erred in failing to expressly consider Listing 1.04A?**

**III. <u>Factual Background</u>**

Plaintiff was born on January 2, 1976, and was thirty-nine years of age at the time of his administrative hearing on July 24, 2015. (Doc. 11 at 112, 316). Plaintiff graduated from high school and received training as a welder. (<u>Id.</u> at 120).

Plaintiff last worked from 2013 to 2014 as a light maintenance worker at a bar.[2] (<u>Id.</u> at 122). Prior to that, he worked as a welder. (<u>Id.</u> at 122, 144-46, 308, 323).

Plaintiff testified that he can no longer work because it hurts his back, neck, and legs when he lifts heavy objects, and he cannot sit for long periods of time. (<u>Id.</u> at 149-50). He takes medication for pain. (<u>Id.</u> at 128-29, 138, 149).

**IV. <u>Standard of Review</u>**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1)

---

[2] The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 27, 2012, the alleged onset date. (Doc. 11 at 95). The ALJ also found that Plaintiff had worked after his alleged onset date, and although the work did not rise to the level of substantial gainful activity, it showed that Plaintiff retained the ability to perform some work after the alleged onset date. (<u>Id.</u>). At his administrative hearing, Plaintiff testified that he was injured while working at the Flora-Bama on July 21, 2014, when he lifted a barrel and hurt his back. (<u>Id.</u> at 121-22).

whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[3] Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

**V.    Statutory and Regulatory Framework**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512,

---

[3] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

4

416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.

The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). At the fourth step, the ALJ must make an assessment of the claimant's RFC. See Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC is an assessment, based on all relevant medical and other evidence, of a claimant's remaining ability to work despite his impairment. See Lewis v. Callahan, 125

F.3d 1436, 1440 (11th Cir. 1997).

If a claimant meets his or her burden at the fourth step, it then becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

**VI. Discussion**

### A. The ALJ did not commit reversible error in failing to expressly consider Listing 1.04A.

In his brief, Plaintiff argues that he meets Listing 1.04A for disorders of the spine, given that he suffered a herniation of his lumbar spine in 2008 and has had escalating lumbar degenerative disc disease since that date. Plaintiff maintains that the ALJ erred in failing to expressly evaluate his impairments under that Listing. (Doc. 12 at 2). The Government counters that the ALJ considered all of Plaintiff's impairments and found that they did not meet *any* Listing, which impliedly includes Listing 1.04A, and

6

that the ALJ's finding is supported by substantial evidence. (Doc. 17 at 5). Having reviewed the record at length, the Court finds that Plaintiff's claim is without merit.

When a claimant, such as Plaintiff in the instant case, contends that he has an impairment meeting the listed impairments, he must "present specific medical findings that meet the various tests listed under the description of the applicable impairment." Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986). A diagnosis of a listed impairment is not sufficient. See Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). The record must contain corroborative medical evidence supported by clinical and laboratory findings. Id.; accord Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("Each impairment [in the Listings] is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

An ALJ's failure to expressly address whether a claimant meets a particular Listing is not error where substantial evidence in the record supports the conclusion that the claimant did not meet the Listing. See McCorkle v. Berryhill, 2017 U.S. Dist. LEXIS 38617, *20, 2017 WL 1035684, *8 (N.D. Ala. Mar. 17, 2017) (citing Turberville ex rel. Rowell v. Astrue, 316 Fed. Appx. 891, 893 (11th

7

Cir. 2009) ("We conclude that — though the ALJ did not explicitly discuss why Rowell did not actually meet Listing 112.05 — substantial record evidence supports that Rowell's condition did not actually or functionally meet Listing 112.05 and, therefore, supports the ALJ's ultimate conclusion that Rowell was not disabled."); Keane v. Commissioner of Soc. Sec., 205 Fed. Appx. 748, 750 (11th Cir. 2006) (an ALJ's finding that a claimant's impairments did not meet a particular listing can be implied); Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) ("[W]hile the ALJ did not explicitly state that the appellant's impairments were not contained in the listings, such a determination was implicit in the ALJ's decision . . . There may be an implied finding that a claimant does not meet a listing."); Barron v. Sullivan, 924 F.2d 227, 230 n.3 (11th Cir. 1991) ("it would be helpful to appellate courts if the ALJ would specifically tie his findings to particular listings that the claimant has argued," but it is not error to fail to do so where "the evidence supports the conclusions of the ALJ, despite the lack of any particular discussion of [Plaintiff's] impairment as it relates to [the claimed] Listing.").

To meet Listing 1.04A, a claimant must establish the following criteria:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve

8

> root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

In the instant case, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, status-post fusion; degenerative disc disease of the lumbar spine; a history of mild degenerative joint disease of the right shoulder; a history of alcohol abuse in full recent remission; depressive disorder; antisocial personality disorder; and obesity. (Doc. 11 at 95). The ALJ found, however, that Plaintiff's impairments, whether considered individually and in combination, did not meet, medically equal, or functionally equal *any* of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925, and 416.926). (Id. at 96).

The ALJ further found that Plaintiff has the RFC to perform a range of light work with the following additional limitations: Plaintiff requires the option to sit or stand at will; he cannot climb ropes, ladders, or scaffolds; he can occasionally stoop, crouch, and crawl; he can frequently climb stairs, balance, and kneel; he can occasionally reach overhead bilaterally; he must avoid

9

concentrated exposure to vibration; he must avoid all exposure to hazards; he is limited to simple (work at skill levels one and two), low stress (few changes in the workplace and occasional simple decision making) jobs only; and he is limited to occasional superficial contacts with the general public and coworkers. (Id. at 97).

Although the ALJ did not explicitly reference Listing 1.04A (disorders of the spine), the undersigned finds, based upon a thorough review of the record, that the ALJ implicitly found that Plaintiff's impairments, whether alone or in combination, do not meet or medically equal Listing 1.04A. The Court further finds that the substantial evidence in the record supports that finding.

First, with respect to the objective record evidence, x-rays of Plaintiff's lumbar spine taken in 2012 showed minimal levoscoliosis with a loss of lordotic curve, but otherwise normal. (Id. at 401). X-rays of Plaintiff's lumbar spine taken in 2014 showed spurs and narrowing of the disc space in the thoracic region at L1 but no acute fracture or changes to L5. (Id. at 595-96). A CT scan of Plaintiff's lumbar spine taken in July 2014 showed a disc protrusion/herniation at L5-S1 with moderate to moderately advanced right sub articular recess stenosis with no evidence of nerve root compression and no acute injury, moderate to moderately advanced right caudal foraminal stenosis with no evidence of nerve root compression, and a small, broad central disc protrusion at L4-

5. (Id. at 102, 516). An MRI of Plaintiff's lumbar spine taken in August 2014 showed scoliosis related to spondylosis at L5-S1 with a mild bony disc protrusion, limited to mild impingement of both S1 nerve roots suggested, some crowding of exiting L5 roots, a slight to limited bony protrusion with a slight annular tear and disc protrusion at L4-5, slightly displaced L5 nerve roots without gross impingement, disc dehydration, and lesser spondylosis at other levels without additional encroachment concerns. (Id. at 103, 630).

In addition, on August 18, 2012, consultative examiner, Dr. Melvin Williams, M.D., found that Plaintiff was able to sit comfortably, had 4/5 strength in his right shoulder, had normal motor strength, grip, and manipulation, and negative straight leg raise bilaterally. (Id. at 442, 444). X-rays of Plaintiff's right shoulder taken on August 20, 2012, were normal, with the exception of mild joint arthropathy. (Id. at 438).

On October 19, 2013, consultative examiner, Dr. Celtin Robertson, M.D., noted Plaintiff's complaints of neck pain and found that Plaintiff was able to get on and off the examination table, that he had no swelling in his extremities, a negative straight leg raise, no tenderness in the cervical or lumbar area, 5/5 motor strength overall except in the lower extremities, which was 4/5, and that he had normal grasp and manipulation and normal sensation. (Id. at 502-04). Dr. Robertson opined that Plaintiff could stand/walk for six hours, sit for an unlimited period of time,

occasionally lift twenty-five to fifty pounds, occasionally reach, and frequently stoop and crouch. (Id. at 505).

As the ALJ noted, Plaintiff had a gap in medical treatment from July 2013 through July 2014. (Id. at 102). In July 2014, Plaintiff was seen for a drug test related to a workers' compensation claim and reported that he was not on any medications. (Id. at 102, 595). A physical examination at that time revealed a positive straight leg raise and tenderness but no acute distress and normal neurological and sensory examination findings. (Id.). Plaintiff was given injections for pain. (Id.). On follow up, the provider noted no weakness, completely normal neurological and musculoskeletal examination findings, and normal gait and stance. (Id. at 102-03, 598-99).

In September 2014, Dr. Barry Lurate, M.D., an orthopedic surgeon, limited Plaintiff to sedentary or light work. However, in February 2015, Dr. Lurate released Plaintiff back to work at the medium exertional level, indicating improvement in his condition. (Id. at 103, 534-35). In April and May of 2015, Plaintiff's pain management provider noted Plaintiff's reports of pain but found normal sensation and 5/5 motor strength in all extremities. (Id. at 103, 577, 583).

In addition, despite Plaintiff's alleged onset date of January 27, 2012, Plaintiff reported to his treatment providers in 2013 that he was still working performing physical labor in construction

12

and painting work and that his medications were working. (Doc. 11 at 99, 453-55). Plaintiff also testified at his administrative hearing on July 24, 2015, that he reinjured his back at work in July 2014 when he picked up a 150-pound whiskey barrel, for which he received workers compensation benefits. (Id. at 99, 121-22, 539).

Viewing the record in its entirety, the undersigned is satisfied that the ALJ's implied finding that Plaintiff's impairments do not meet or equal Listing 1.04A is supported by the substantial evidence detailed above. Although Plaintiff argues that the record contains evidence of positive straight leg raise tests and a disc protrusion at L4-5 and L5-S1, Plaintiff does not point to evidence establishing definitive nerve root compression characterized by conditions such as sensory or reflex loss and motor loss. (Doc. 12 at 4).

The law is clear that it is not sufficient to establish some of the criteria of the Listing. Plaintiff must establish all of the criteria. See Sullivan, 493 U.S. at 530 ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). This Plaintiff has failed to do. Accordingly, his claim must fail.

## VII. Conclusion

For the reasons set forth herein, and upon careful

consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income be **AFFIRMED**.

    **DONE** this **24th** day of **May, 2018.**

                                             **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**